OPINION OF THE COURT
Nat H. Hentel, J.
Motion and cross motion are considered together and decided as follows:
Motion by petitioner-judgment-creditor to reargue this court’s prior decision of June 27, 1984 granted. The prior motion was denied as was respondent’s counterclaim without prejudice to renewal containing a request for more appropriate relief and for distribution of escrow funds by respondent pursuant to an order of the Nassau County Supreme Court dated April 6, 1984.
Upon consideration of the filed papers, this court denies the instant motion for relief as again being inappropriate, and not within the jurisdiction of this court to entertain. (See CPLR 5221, subd [a], pars 3, 4, 5.)
According to the papers, the original judgment in this proceeding was entered in the Queens County Civil Court. The present motion requests a “turnover order directing respondent escrow agent to pay over such of the escrow *580 funds to satisfy petitioner’s judgment.” The respondent’s cross motion requests denial of said motion, and reargument with respect to his counterclaim for counsel fees and for “proper equitable relief”.
CPLR 5221 (subd [a], par 3) provides: “If the judgment sought to be enforced was entered in the * * * civil court of the city of New York, and the respondent resides or is regularly employed or has a place for the regular transaction of business in person within that city, a special proceeding authorized by this article shall be commenced in the civil court of the city of New York.” (Emphasis supplied.)
It should be noted that, according to the filed papers, the respondent is an attorney whose office to practice law is situated in Nassau County, and who is not shown to reside within the City of New York, nor is he regularly employed, nor has he a place for the regular transaction of business within New York City.
CPLR 5221 (subd [a], par 4) provides for jurisdiction where enforcement proceedings are to be commenced as follows: “In any other case, if the judgment sought to be enforced was entered in any court of this state, a special proceeding authorized by this article shall be commenced, either in the supreme court or a county court, in a county in which the respondent resides or is regularly employed or has a place for the regular transaction of business in person”. (Emphasis supplied.)
See Siegel’s Practice Commentaries to CPLR article 52 (McKinney’s Cons Laws of NY, Book 7B), and especially CPLR C5221:l (“Restricting Enforcement Proceedings to Certain Courts”) which states in part (at p 172): “The reason for restricting the broad array of enforcement devices to certain courts, or, more accurately, the reason for withholding them from the courts at the bottom of the judicial ladder, is that the devices involve sophisticated weapons like the injunction (which is really what the restraining notice of CPLR 5222 is), the appointment of receivers (5228), and the making of delivery orders and installment payment orders, as well as a variety of special proceedings, which often involve what are essentially equitable powers.” (Emphasis supplied.)
*581 See, also, CPLR C522L2 (“The Courts Which Entertain The Enforcement Proceedings”, Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, p 172), which states in part: “Since the bringing of the special proceeding is permissible in a lower court (which rendered the judgment) only when the respondent has certain residential or business contacts with the area serviced by the particular court, the same contacts on the part of the person served with the notice, subpoena or notice of motion would ordinarily be necessary for the other enforcement devices to issue out of the lower court. When those local contacts are lacking on the part of the ‘respondent’ — using that word now as we have re-defined it above — or on the part of any one of the respondents when several are involved, the proceeding or device may have to be initiated in a higher court.” (Emphasis supplied.)
It is well recognized that the Civil Court of the City of New York does not have such equitable powers in the area of enforcement of money judgments, which certainly might be required in this proceeding, and which might require a modification of the Nassau County Supreme Court order (supra).
It seems that this motion and cross motion should rightfully be commenced and presented to the Supreme Court of Nassau County.
Accordingly, the petition for an order to turn over funds and respondent’s cross motion are dismissed as not being properly within the jurisdiction of the Civil Court without prejudice to renewal of this relief in the Nassau County Supreme Court.